UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*,

      Plaintiffs-Appellees,

v.                                      Case No. 24-cv-12474
                                        Honorable F. Kay Behm
DESIRAE BEDFORD, *et al.*,

      Defendants-Appellants.

In re:

John Frederick Shastal, Jr., Kimberly    Case No. 20-31468-jda
Ann Shastal,                             Chapter 7
                                         Honorable Joel D. Applebaum
      Debtors.

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*,

      Plaintiffs,

v.                                      Adv. Pro. Case No. 24-03033-jda
                                        Honorable Joel D. Applebaum
MAJORS LAW, PLLC, *et al.*,

      Defendants.

## **OPINION & ORDER**
## **GRANTING TRUSTEE/DEBTORS' MOTION TO DISMISS**

1

A married couple (the debtors) hired two attorneys, associated with two different law firms, to file a chapter 7 bankruptcy petition on their behalf in the United States Bankruptcy Court for the Eastern District of Michigan.  Later, the Bankruptcy Trustee and the debtors filed an adversary proceeding in bankruptcy court, to assert legal malpractice claims, and claims for violating various bankruptcy standards, against those attorneys and their firms.  One of the attorneys, and the firm associated with her, filed a motion to dismiss the complaint in the adversary proceeding and it was denied by the bankruptcy judge.

In this action, Case Number 24-12474, that attorney and her firm ask this Court to grant them leave to pursue an interlocutory appeal of the order denying their motion to dismiss in the adversary proceeding.  The Trustee/debtors filed a motion to dismiss, asking this Court to dismiss this bankruptcy appeal.  The parties have briefed the issues, and the Court concludes that oral argument is not necessary.  For the reasons that follow, the Court GRANTS the motion and DISMISSES this action.  Although the attorney and her firm failed to file the requisite motion for leave to appeal along with their notice of appeal, that failure is not jurisdictional.  This Court may construe the notice of appeal as a motion seeking leave and then grant or deny it.  This Court construes the notice of appeal as a motion seeking leave to appeal and

denies leave because the applicable standard for an interlocutory appeal is not met here.

## BACKGROUND

### A.      Relevant Proceedings In Bankruptcy Court

In August of 2020, a chapter 7 voluntary petition for bankruptcy was filed on behalf of debtors John Frederick Shastal, Jr. and Kimberly Ann Shastal ("the Debtors") in the United States Bankruptcy Court for the Eastern District of Michigan. That action, Bankruptcy Case Number 20-31468, was assigned to the Honorable Joel D. Applebaum.  The docket reflects that the case was filed on behalf of the Debtors by attorney Desirae Bedford, with Recovery Law Group, and attorney Sheena Majors, with Majors Law Center, PLLC.  Attorney Samuel D. Sweet is the appointed Bankruptcy Trustee ("the Trustee").

Later, on April 2, 2024, the Trustee/Debtors filed an adversary proceeding, pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, to assert claims against Majors, Majors Law, PLLC, Bedford, and Recovery Law Group.  That case, Adversary Proceeding Case Number 24-03033, is also assigned to Judge Applebaum.  In that adversary proceeding, the Trustee/Debtors assert two counts: 1) "Legal Malpractice" (Count I); and 2) "11 U.S.C. § 526 Violation" (Count II).  The legal malpractice count alleges that the defendants engaged in legal malpractice, in

connection with their representation of the Debtors in the bankruptcy filing.  Count II alleges that the defendants breached various statutory duties to the Debtors, in violation of 11 U.S.C. § 526.

On April 23, 2024, two of the four parties named as Defendants in the operative complaint, Defendants Bedford and Recovery Law Group (hereinafter the "RLG Defendants"), filed a "Motion To Dismiss Adversary Proceeding" in the bankruptcy court.  In it, they asserted that the malpractice claim accrued post-petition and is not part of the bankruptcy estate, that any potential compensatory damages are offset by the benefits received from the bankruptcy discharge, and that the statute of limitations for the alleged legal malpractice has expired.  (*See* ECF No. 17 in Adversary Proceeding).  After oral argument and full briefing by the parties, including supplemental briefs, Judge Applebaum issued a comprehensive Opinion and Order wherein he denied the Motion to Dismiss.  (*See* August 9, 2024 Opinion & Order in Adversary Proceeding).  The RLG Defendants filed a Motion for Reconsideration, that was denied by Judge Applebaum in an Opinion and Order issued on September 3, 2024.

On September 17, 2024, the RLG Defendants filed a Notice of Appeal, seeking to appeal Judge Applebaum's Opinion & Order denying their Motion to Dismiss and his Opinion and Order denying their Motion for Reconsideration.

**B.      Case Number 24-12474 In This Court**

Following the RLG Defendants' Notice of Appeal, Case Number 24-12474 was opened in this Court and this case was ultimately assigned to the undersigned judge.

On October 4, 2024, the Trustee/Debtors filed a "Motion To Dismiss Appeal For Lack Of Jurisdiction."  (ECF No. 4).   In it, they assert that the orders that the RLG Defendants seek to appeal here are not final orders appealable as of right, but rather, non-final interlocutory orders.  They acknowledge that this Court has the discretion to grant leave to appeal from those interlocutory orders under 28 U.S.C. §158(a)(3).  But they assert that the RLG Defendants failed to file the requisite motion seeking leave to appeal.  They further assert that even if they had filed the requisite motion seeking leave to appeal, that leave should be denied under the circumstances presented here.

The RLG Defendants filed their response in opposition to the motion on October 18, 2024.  In it, they do not dispute that the orders at issue are not final orders appealable as of right.  The RLG Defendants also acknowledge that they failed to file a motion for leave to file an interlocutory appeal.  They assert, however, that their failure to do so "does not deprive this Court of jurisdiction, and, alternatively,

that the requirements for granting leave to appeal an interlocutory order have been fully met." (RLG's Br., ECF No. 5, at PageID.202).1

The motion has been fully briefed and is ripe for a decision by this Court.

## ANALYSIS

For the reasons set forth below, this Court grants the pending motion to dismiss filed by the Trustee/Debtors.

## I.   It Is Undisputed That The Orders At Issue Here Are Not Final Orders Appealable As Of Right.

Pursuant to 28 U.S.C. § 158(a), the "district courts of the United States" have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court as of right and from "other interlocutory orders and decrees" only "with leave of court." In the Sixth Circuit, for the "purpose of an appeal, a final order is one that ends the litigation and leaves nothing for the court to do but execute the judgment." *In re Bruner*, 561 B.R. 397, 400 (B.A.P. 6th Cir. 2017).

The orders that the RLG Defendants seek to appeal are Judge Applebaum's August 9, 2024 order denying RLG's Motion to Dismiss and his September 3, 2024

---

1 Their response further asserts that counsel for the Trustee/Debtors failed to seek concurrence as required by Local Rule 7.1 and asks this Court to "dismiss and strike" the pending Motion to Dismiss for this alleged violation. The Court rejects this argument.

6

order denying their motion seeking reconsideration of that ruling.  In the pending

motion, the Trustee/Debtors argue that those orders are not final orders that are

appealable as of right and direct the Court to legal authority to support that position.

(*See* Trustee/Debtors' Br. at 6-7, collecting cases for the proposition that an order

denying a motion to dismiss an adversary proceeding is not a final order appealable

as of right).

     Notably, in response to the pending motion, the RLG Defendants do not

dispute that the orders at issue are not final orders appealable as of right.  As such, the

RLG Defendants can only appeal with leave of Court.

## II.    The RLG Defendants Have Not Shown That The Applicable Standard For An Interlocutory Appeal Is Met.

     The Trustee/Debtors contend that this Court should dismiss this bankruptcy

appeal and present a two-fold argument.  First, they argue that the Court should

dismiss the bankruptcy appeal because the RLG Defendants failed to file the required

motion for leave to appeal along with the notice of appeal.  Second, they contend that

even if they had filed the requisite motion for leave to appeal, leave should be denied

because the RLG Defendants cannot establish that an interlocutory is warranted under

the applicable standard.

Rule 8004 of the Federal Rules of Bankruptcy Procedure provides that, in order to appeal from a bankruptcy court's interlocutory order, the party "must file with the bankruptcy clerk a notice of appeal" and the notice of appeal must "be accompanied by a motion for leave to appeal." Fed. R. Bankr. P. 8004(a)(2). In addition, the rule provides that the contents of the motion for leave to appeal "must include:" 1) the "facts needed to understand the question presented," 2) "the question itself," 3) "the relief sought," 4) "the reasons why leave to appeal should be granted," and 5) "a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b).

Here, the RLG Defendants filed a timely notice of appeal on September 17, 2024, but failed to file an accompanying motion seeking leave to appeal. The Trustee/Debtors contend that the Court should dismiss this appeal for that reason.

In response, the RLG Defendants assert that their failure to file a motion seeking leave to appeal is "not jurisdictional." In this regard, they are correct. That is because subsection (d) of Rule 8004 of the Federal Rules of Bankruptcy Procedure expressly provides:

> (d) Failure to File a Motion for Leave to Appeal. If an appellant files a timely notice of appeal under this rule but fails to include a motion for leave to appeal, the district court or BAP may:

> (1) treat the notice of appeal as a motion for leave to appeal and grant or deny it; or
>
> (2) order the appellant to file a motion for leave to appeal within 14 days after the order has been entered – unless the order provides otherwise.

Fed. R. Bankr. P. 8004(d). Thus, Rule 8004's requirements are procedural, not jurisdictional. *Id.; see also* 9E Am. Jur. 2d Bankruptcy § 3749 (2025). This Court has the discretion to treat the RLG Defendants' notice of appeal as a motion for leave to appeal and then grant or deny it.

This Court agrees with the Trustee/Debtors that, even if this Court treats the notice of appeal as a motion for leave to appeal, the Court must deny it because the applicable standard for an interlocutory appeal is not met here.

Interlocutory appeals are "strongly disfavored" in federal practice. *See, e.g., Yerushalmi v. Shibolelth*, 405 B.R. 44, 48 (E.D. N.Y. 2009); *see also In re Wicheff*, 215 B.R. 839, 844 (6th Cir. BAP 1998) (Leave to appeal from interlocutory orders should be granted only in "exceptional circumstances" because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from piecemeal litigation.). The burden of establishing that leave for an interlocutory appeal is warranted rests with the party seeking the interlocutory appeal. *Id.*

The parties agree as to the applicable standard.  In determining whether to allow an interlocutory appeal in a bankruptcy case, the standards set forth in 28 U.S.C. § 1292(b) are applicable by analogy.  *In re Eggleston Works Loudspeaker Co.,* 253 B.R. 519, 521 (6th Cir. BAP 2000).  Thus, the Court considers the following: 1) whether the order on appeal involves a controlling question of law which there is a substantial ground for difference of opinion; 2) whether an immediate appeal may materially advance the ultimate termination of the litigation; and 3) whether denying leave would result in wasted litigation and expense.  *Id.*

This Court concludes that the RLG Defendants have not met their burden of establishing that this is one of those truly exceptional circumstances where an interlocutory appeal is appropriate.

First, they have not shown that the orders at issue involve a controlling question of law which there is a substantial ground for difference of opinion.  A legal issue can be deemed controlling "if it could materially affect the outcome of the case."  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).  "Substantial grounds for difference of opinion" exist when "the issue is difficult and of first impression," a "difference of opinion exists within the controlling circuit," or "the circuits are split on the issue."  *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis,* 138 F.Supp.2d 1015, 1019 (W.D. Tenn. 2000).  Moreover,

courts considering whether to permit an interlocutory appeal should look for a "pure controlling question of law" to rule on "without having to delve beyond the surface of the record in order to determine the facts." *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008). An appeal that presents a mixed question of fact and law does not meet this standard. *Id*. As demonstrated by Judge Applebaum's fact-intensive fifty-four-page opinion and order, the RLG Defendants' motion to dismiss does not involve a pure question of law that can be ruled on "without having to delve beyond the surface of the record" in order to determine the facts.

In addition, the second factor, whether an immediate appeal would materially advance the ultimate termination of the litigation, *weighs heavily* against granting leave to appeal Judge Applebaum's motion-to-dismiss rulings. As the Trustee/Debtors note, the motion to dismiss filed in the adversary proceeding was only filed on behalf of two of the four named Defendants (Bradford and RLG). There are two other defendants named in the operative complaint in the adversary proceeding: 1) Majors; and 2) Majors Law, PLLC. Those two parties did not file a motion to dismiss in the adversary proceeding, and therefore, the malpractice claims and the § 526 claims remain pending against them in the bankruptcy court. Thus, any interlocutory appeal would be piecemeal as it would only address two of the four defendants against whom the claims in the adversary proceeding are asserted. And

the piecemeal nature of the requested interlocutory appeal goes even further.  That is because, as Judge Applebaum noted in his Opinion and Order denying the RLG Defendants' motion, that motion to dismiss only challenged the legal malpractice claims and did not challenge the § 526 claims.  (*See* 8/9/24 Opinion & Order, ECF No. 4-7 at PageID.145, Explaining that the RLG Defendants "only present arguments relating to the malpractice claim in their Motion to Dismiss.  Movants do not present any grounds in their Motion for the dismissal of the § 526 claims.").  Accordingly, even as to the two RLG Defendants, the § 526 claims would still remain pending against them even if they were to obtain leave to appeal the motion-to-dismiss rulings and prevail in such an appeal. In other words, the requested interlocutory appeal would only address one of the two claims asserted in the adversary proceeding, and only as to two of the four defendants against whom the claims are asserted.

And while this Court need not even proceed to consideration of the third factor, it also appears to weigh against allowing an interlocutory appeal because denying leave will not result in wasted litigation and expense in the bankruptcy court.  In the Debtors' Chapter 7 case, the United States Trustee for Regions 3 and 9 filed a motion seeking sanctions against the RLG Defendants pertaining to actions and omissions in connection with their representation of the Debtors.  (*See* ECF No. 205 in Bankruptcy Case No. 20-31468).  In opposing the RLG Defendants' request for leave to appeal,

the Trustee/Debtors persuasively argue that denying leave will not result in wasted litigation and expense "because there are many overlapping issues between this litigation" and that motion for sanctions.  "As such, any discovery or actions taken in the adversary proceeding would be useful to all the parties in the motion for sanctions pending in the Bankruptcy Court."  (Trustee/Debtors' Br., ECF No. 4, at PageID.38).

Accordingly, this Court denies the RLG Defendants' motion for leave to appeal Judge Applebaum's August 9, 2024 and September 3, 2024 orders and shall dismiss this case.

## CONCLUSION & ORDER

The Court ORDERS that the Motion To Dismiss filed by the Trustee/Debtors (ECF No. 4) is GRANTED, to the extent that this Court construes the RLG Defendants' notice of appeal as a motion for leave to file an interlocutory appeal and DENIES LEAVE to pursue the requested interlocutory appeal.

IT IS SO ORDERED.

Dated:  May 6, 2025                s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge

I hereby certify that on May 6, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                   s/Kourtney Collins
                                   Case Manager